**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| CERINET USA, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.,<br><br>          Defendant. | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cerinet USA, Inc. ("Cerinet"), by and through its undersigned counsel, for its Complaint against Defendant LG Electronics U.S.A., Inc. ("LGEUS"), states and alleges as follows:

**THE PARTIES**

1. Cerinet is a corporation organized under the laws of the State of Delaware, with its principal place of business at 113 Bee Farm Lane, Buena Vista, Virginia, 24416.

2. Upon information and belief, LGEUS is a corporation organized under the laws of the State of Delaware, with a principal place of business at 111 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, and is a subsidiary of LG Electronics Inc. (Republic of Korea).

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. § 1, *et seq.*

4. This Court has original and exclusive subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over LGEUS because it maintains a regular and established place of business in this District and has committed acts of infringement in this District.

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because LGEUS has a regular and established place of business in this District — the LG-branded distribution center at 14901 N. Beach Street, Fort Worth, Texas 76177 (located in Denton County, within the Eastern District of Texas), where LGEUS receives the imported accused televisions as consignee — and has committed acts of infringement in this District.

## THE '428 PATENT AND TECHNOLOGY

7.      On February 2, 2016, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,253,428 B2 ("the '428 Patent"), entitled "Broadcasting System with Digital Television Signals and Metadata that Modulate Respective Sets of OFDM Carriers," to the named inventors Arthur Webb Allison, III and Allen LeRoy Limberg. A true and correct copy of the '428 Patent is attached as **Exhibit A**.

8.      The '428 Patent claims priority to U.S. Provisional Application No. 62/001,123, filed May 21, 2014, and U.S. Provisional Application No. 62/009,457, filed June 9, 2014.

9.      Cerinet owns all right, title, and interest in and to the '428 Patent, including the right to sue for and recover damages for past and future infringement.

10.     The '428 Patent is directed to a system for broadcasting digital television using coded orthogonal frequency-division multiplexed ("COFDM") carrier waves, and in particular to the generation and reception of a "bootstrap" signal and associated metadata that allow a receiver to discover the emission, identify its transmission format, and decode the broadcast — the mechanism adopted as the ATSC 3.0 System Discovery and Signaling (A/321) and Physical Layer Protocol (A/322).

11.    The bootstrap signaling claimed in the '428 Patent is mandatory for compliance with the ATSC 3.0 standard; every conforming ATSC 3.0 transmission and receiver must implement it. The '428 Patent is declared essential to the ATSC 3.0 standard.

## DEFENDANT'S ACCUSED PRODUCTS

12.    During the accused period (model years 2020–2023), LGEUS made, used, offered to sell, sold, and/or imported into the United States ATSC 3.0 receiver products, including its 2020–2023 NEXTGEN TV (ATSC 3.0) televisions across the OLED, QNED, and NanoCell lines (the "Accused Products"). LGEUS suspended inclusion of ATSC 3.0 tuners beginning with its 2024 U.S. lineup.

13.    The Accused Products implement the ATSC 3.0 standard and therefore implement the bootstrap System Discovery and Signaling (A/321) and Physical Layer Protocol (A/322) claimed in the '428 Patent, as set forth in the claim chart attached as **Exhibit B**. True and correct copies of publicly available product documentation concerning the Accused Products are attached as **Exhibit C**.

## FRAND COMMITMENT AND ABSENCE OF A LICENSE

14.    The '428 Patent is essential to the ATSC 3.0 standard, and Cerinet has committed to license it on fair, reasonable, and non-discriminatory (FRAND) terms. Cerinet is, and at all relevant times has been, willing and able to license the '428 Patent to LGEUS on FRAND terms.

15.    LGEUS has not obtained a license to the '428 Patent and continues to make, use, sell, offer to sell, and/or import the Accused Products without a license.

## COUNT I
## Infringement of U.S. Patent No. 9,253,428

16.    Cerinet realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

17.    The '428 Patent is valid, enforceable, subsisting, and in full force and effect.

18.    LGEUS has directly infringed the '428 Patent — including at least claims 9, 11, 27, and 30 — literally and/or under the doctrine of equivalents, by making, using, offering to sell, and selling within the United States, and/or importing into the United States, the Accused Products, in violation of 35 U.S.C. § 271(a).

19.    The Accused Products satisfy each and every limitation of the asserted claims. The exemplary claim chart below maps claim 27 of the '428 Patent to the Accused Products, element by element. The complete, element-by-element analysis of every asserted claim is attached as **Exhibit B** and incorporated herein by reference.

| Claim limitation | ATSC 3.0 standard · Accused product |
|---|---|
| Claim 27 – "Receiver apparatus for receiving a selected one of a plurality of different types of coded orthogonal frequency division multiplex (COFDM) digital signals, at least some of which COFDM digital signals convey digital television information, each COFDM signal conveying a respective base band data signal and a respective baseband metadata signal descriptive of processes used by a preceding transmitter for generating said respective baseband data signal," | The Accused Products are receiver apparatuses that meet this preamble description. The Accused Products support ATSC 3.0. ATSC 3.0 uses COFDM digital signals to convey digital television information. ATSC A/322:2021 § 4.1. The Accused Products are therefore receiver apparatuses for receiving COFDM digital signals, at least some of which convey digital television information. In ATSC 3.0, the bootstrap "provides a universal entry point into a broadcast waveform. The bootstrap employs a fixed configuration (e.g., sampling rate, signal bandwidth, subcarrier spacing, time-domain structure) known to all receiver devices and carries information to enable processing and decoding the wireless service associated with a detected bootstrap. This capability ensures that broadcast spectrum can be adapted to carry new services and/or waveforms for the public interest to continue to be served in the future." https://www.atsc.org/atsc-documents/a3212016-system-discovery-signaling.  Further, the Accused Products support receiving and processing COFDM digital signals for a plurality of processes used by a preceding transmitter. The Accused Products perform a channel scan and tune a selected station from among the multiple broadcast signals present—"receiving a selected one" of the plurality. The claimed plurality of COFDM |

| Claim limitation | ATSC 3.0 standard · Accused product |
|---|---|
|  | types is satisfied within ATSC 3.0 (signal types, bandwidths, frame and preamble configurations signaled per A/321 and A/322). The Accused Products therefore receive a selected one of a plurality of different types of COFDM digital signals, at least some of which convey digital television information. |
|  | Each frame of the ATSC 3.0 COFDM digital signals includes a "bootstrap" and a "preamble," which contain information and control signaling (metadata) applicable to the remainder of the frame. Each frame also contains subframes that contain the payload, or data (such as audio, video, or data files) for delivery. ATSC A/322:2021 § 7.2.2.1. The Accused Products therefore receive COFDM digital signals that convey a respective baseband data signal and a respective baseband metadata signal descriptive of processes used by a preceding transmitter for generating said respective baseband data signal. |
| said receiver apparatus configured for processing the respective baseband data signal of each different type of COFDM digital signal selected for reception in accordance with said respective baseband metadata signal descriptive of the processes for generating that said respective baseband data signal, said processing of baseband data signals being controlled by control signals supplied from a controller in said receiver apparatus which controller generates said control signals responsive to said baseband metadata signals, said receiver apparatus characterized by: | The Accused Products meet this preamble description. |
|  | The Accused Products support ATSC 3.0. In ATSC 3.0, the bootstrap "provides a universal entry point into a broadcast waveform. The bootstrap employs a fixed configuration (e.g., sampling rate, signal bandwidth, subcarrier spacing, time-domain structure) known to all receiver devices and carries information to enable processing and decoding the wireless service associated with a detected bootstrap. This capability ensures that broadcast spectrum can be adapted to carry new services and/or waveforms for the public interest to continue to be served in the future." https://www.atsc.org/atsc-documents/a3212016-system-discovery-signaling. The Accused Products therefore are configured for processing the respective baseband data signal of each different type of COFDM digital signal selected for reception in accordance with said respective metadata signal. |
|  | Based on the information provided in the bootstrap, the receiver's controller generates control signals to process the baseband data signals. The Accused Products perform channel scan, EPG display, DRM-protected service presentation, and 4K HDR decode. Each requires the on-device controller to (1) detect the incoming bootstrap, (2) read the bootstrap- and Preamble-derived configuration (sampling rate, preamble structure, then L1-Basic/L1-Detail), and (3) generate control signals that configure the |

| Claim limitation | ATSC 3.0 standard · Accused product |
|---|---|
| | demodulation pipeline (FFT/GI, pilot-based equalization, LDPC/BCH decode, QAM de-map, AC-4 audio decode) for the selected service. Functionality of this kind is impossible unless processing is controlled by control signals generated responsive to the received baseband metadata. |
| an improvement enabling said controller to utilize baseband metadata signals each including repeated pseudo random binary sequences scrambled per a Zadoff-Chu sequence, said Zadoff-Chu sequence being used to provide said controller in said receiver apparatus—an indication of the particular standard governing transmission of said selected COFDM signal, and the phasing of said repeated pseudo-random sequences being used to provide said controller in said receiver apparatus further indications of the particular processes said receiver apparatus is to perform in order to recover said baseband data signal in accordance with that said particular standard. | The Accused Products meet this limitation. The Accused Products support ATSC 3.0. The Accused Products necessarily execute A/321 bootstrap detection to discover and identify ATSC 3.0 signals (ZC root = standard indication) and to recover the bootstrap's phase-conveyed signaling — the PN-seed phase identifying the version whose syntax and semantics govern, the cyclic-shift phase displacements carrying system_bandwidth, bsr_coefficient, and preamble_structure, and the 180° termination inversion marking where post-bootstrap recovery begins. Without that controller logic the Accused Products could not discriminate ATSC 3.0 from ATSC 1.0 during channel scan, could not locate the Preamble, and could not configure demodulation of any frame. The ATSC 3.0 bootstrap uses repeated pseudo random binary sequences scrambled per a Zadoff-Chu sequence to provide the controller of the receiver an indication of the particular standard governing transmission of the COFDM signal and in which the phasing of the repeated pseudo random sequences provide the controller with indications of the particular processes the receiver is to perform in order to recover the baseband data signal in accordance with the standard. "A major version number (corresponding to a particular signal type) is signaled via selection of the ZC [Zadoff-Chu] root. A minor version (within a particular major version) is signaled via an appropriate selection of the PN [pseudo random number] sequence seed." A/321:2016 § 4.2. "The values used for each bootstrap symbol shall originated in the frequency domain with a ZC sequence. The ZC root and PN seed shall signal the major and minor versions of the bootstrap respectively." A/321:2016 § 5.2. Selection of a PN seed varies the phasing of the repeated pseudo-random sequence. |

## WILLFUL INFRINGEMENT AND KNOWLEDGE

20.     LGEUS and its corporate parent participated in the development of ATSC 3.0 and have had knowledge of the bootstrap technology claimed in the '428 Patent, and of the '428 Patent's essentiality to ATSC 3.0, since well before this suit — including, without limitation, through the inventors' contributions to and communications regarding the ATSC 3.0 bootstrap during its development, LGEUS's NEXTGEN TV logo licensing and its implementation of A3SA ATSC 3.0 security, the public declaration and listing of the '428 Patent as essential to ATSC 3.0 on the MPEG LA / Via LA ATSC 3.0 patent pool list, on which the '428 Patent has appeared among the first patents listed since the pool's launch on January 20, 2022, and in any event no later than its litigation of ATSC 3.0 patent royalties to judgment in Constellation Designs, LLC v. LG (E.D. Tex. No. 2:21-cv-00448). LGEUS's making, using, selling, offering to sell, and importing of the Accused Products with knowledge of the '428 Patent was deliberate and willful.

21.     LGEUS is a member of the Advanced Television Systems Committee (ATSC), the organization that developed the ATSC 3.0 standard, as reflected in ATSC's publicly available membership roster, and participated in the development of ATSC 3.0, including the bootstrap System Discovery and Signaling (A/321) and Physical Layer Protocol (A/322) claimed in the '428 Patent.

22.     The '428 Patent is publicly declared essential to the ATSC 3.0 standard. LGEUS has had actual knowledge of the '428 Patent and of its infringement since at least January 20, 2022, and in any event no later than the filing and service of this Complaint.

23.     Despite its knowledge of the '428 Patent since at least January 20, 2022, LGEUS has continued, and continues, to engage in its infringing conduct without a license. LGEUS's infringement has been and continues to be willful, wanton, and deliberate.

## PRAYER FOR RELIEF

**WHEREFORE**, Cerinet respectfully requests that the Court enter judgment in its favor and grant the following relief:

1. A judgment that LGEUS has infringed the '428 Patent;

2. A judgment that such infringement has been willful;

3. An award of damages adequate to compensate Cerinet for LGEUS's infringement, in no event less than a reasonable (FRAND) royalty, together with pre- and post-judgment interest and costs;

4. An award of an ongoing reasonable (FRAND) royalty for LGEUS's continued infringement following judgment, in lieu of injunctive relief;

5. A declaration that this is an exceptional case and an award of Cerinet's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

6. Such enhanced damages as the Court deems appropriate under 35 U.S.C. § 284; and

7. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Cerinet demands a trial by jury on all issues so triable.

PADMANABHAN & DAWSON, P.L.L.C.

*/s/Devan V. Padmanabhan*
Devan V. Padmanabhan
Paul J. Robbennolt
Erin O. Dungan
Britta S. Loftus
9800 Shelard Parkway, Suite 120
Minneapolis, MN 55441
Tel: 612-444-3601
devan@paddalawgroup.com

paul@paddalawgroup.com
erin@paddalawgroup.com
britta@paddalawgroup.com

Dated:  July 2, 2026